UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC.,

        Plaintiff,

v.

T. V. JOHN & SON, INC.,

        Defendant.

Case No. 2:17-cv-01407-LA

## JOINT RULE 26(F) REPORT

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Roumann Consulting Inc. ("Roumann") and Defendant T. V. John & Son, Inc. ("T.V. John"), by their respective counsel, have conferred on issues relating to the scheduling and management of this matter.

1. **Date and Time of Rule 16(b) Conference**

The Rule 16(b) Conference is scheduled for December 27, 2017 at 11:15 a.m. Participating for the Plaintiff is Scott Halloin, who can be reached at 414-732-2424. Participating for the Defendant are Andrew Oettinger and Christie Carrino, who can be reached directly at 414-287-9618.

2. **Nature of the Case**

Roumann is a Canadian construction contractor who was formerly engaged as an independent contractor with T.V. John pursuant to a written agreement. Roumann filed this case seeking damages from T.V. John's alleged breach of this agreement. Roumann also seeks an accounting to determine the extent of the alleged damages.

T.V. John disputes Roumann's allegations and maintains that this action is premature.

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. This case is not included in one of the categories of proceedings exempted from initial disclosures and discovery conference pursuant to Rule 26(a)(1)(B) and 26(f).

3. **Contemplated Motions**

Roumann anticipates that it will file a motion for summary judgment. Roumann will also file motions to compel if the requested documents are not produced. T.V. John anticipates it will file a motion for protective order and for summary judgment.

4. **Discovery Plan**

   a. **Issued and Contemplated Discovery**

As of the date of this report, Roumann has issued requests for the production of documents and interrogatories and has given T.V. John notice that it will be subpoenaing documents from third-party The Kroger Co. Roumann anticipates serving additional written discovery on T.V. John; taking depositions of T.V. John principals and accounting and project management personnel; taking depositions of T.V. John's expert(s), if named; and undertaking third-party discovery related to the clients for projects at issue in the lawsuit. T.V. John anticipates serving requests for production, requests to admit, and interrogatories on Roumann. T.V. John also contemplates conducting a Rule 30(b)(6) deposition of Roumann, a deposition of Mr. Rousse, Roumann's principal, and depositions of any experts disclosed by Roumann. The parties have agreed that Rule 30(b)(6) depositions will be held in Milwaukee, Wisconsin.

   b. **Electronically Stored Information**

The parties have discussed the matters raised in Rule 26(f) and Local Rule 16(a) and have agreed to negotiate any discovery issues as they arise. The parties discussed the need to preserve electronically stored information ("ESI") and agreed that the discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure. The parties further agreed to meet and

2

Case 2:17-cv-01407-LA   Filed 12/15/17   Page 2 of 5   Document 7

confer regarding electronic discovery parameters and to work in good faith to reach a resolution regarding the format of production. The parties additionally agreed to work in good faith to attempt to reach a resolution of any discovery disputes pertaining to ESI or discovery more generally without involvement of the Court. T.V. John has raised a concern that Roumann holds confidential information that belongs to T.V. John, but Roumann denies that it has any such information in its possession. T.V. John has also requested detail regarding Roumann's electronically-stored information so as to formulate a discovery plan, but Roumann has not yet provided it. The parties each request that e-discovery be further addressed after each party provides information about its ESI to the other party.

      c. **Privileges and Protections**

With regard to materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege, the parties have agreed that the inadvertent production of these materials shall not constitute a waiver of the applicable privilege or protection. In the event privileged or protected information is produced, the parties will follow the procedure contained in Rule 26(b)(5)(B). Additionally, the parties request the Court enter an order under Federal Rule of Evidence 502(d) stating that the attorney client privilege or work-product protection is not waived by disclosure connected with the litigation pending before this Court and, by extension, any other state or federal proceeding.

      5.    **Settlement Discussions**

Before the lawsuit was filed, Roumann raised settlement discussions with T.V. John's in-house counsel, and outside counsel for T.V. John requested a conference to discuss the case and settlement. Since the lawsuit was filed, the parties have not had any formal settlement discussions. T.V. John encourages early mediation of this case. Roumann also encourages an early mediation, but only when the project accounting and other requested documents are

provided, as required by the agreement. Roumann believes this matter should be ready for early neutral evaluation by February 2018, and Roumann proposes that the evaluation be conducted by Donald Allen, Esq.

6. **Joint Proposed Scheduling Order**

    a. Rule 26(a)(1) Initial Disclosures due Friday, January 12, 2018

    b. Amendments to the Pleadings filed by Thursday, February 8, 2018

    c. Plaintiff's Expert Disclosures and Reports due Thursday, April 5, 2018

    d. Defendant's Expert Disclosures and Reports due Thursday, July 4, 2018

    e. Rebuttal Expert Disclosures and Reports due Tuesday, September 4, 2018

    f. Factual discovery to be completed by Friday, October 5, 2018

    g. Dispositive Motions due Wednesday, November 7, 2018

    h. Rule 26(a)(3) Pretrial Disclosure filed 30 days before trial

    i. Pretrial Reports filed 14 days before trial

    j. Pretrial conference to be conducted 7 days before trial

Dated this 15th day of December, 2017.

By: s/ James J. Irvine
Scott R. Halloin
State Bar No. 1024669
James J. Irvine
State Bar No. 1088726
Halloin Law Group, S.C.
839 North Jefferson Street, Suite 503
Milwaukee, WI 53202
Phone: 414-732-2424
Fax: 414-732-2422
Email: shalloin@halloinlawgroup.com
jirvine@halloinlawgroup.com

Attorneys for Plaintiff ROUMANN CONSULTING INC.

By: s/ Andrew S. Oettinger
Andrew S. Oettinger
State Bar No. 1053057
Christie B. Carrino
State Bar No. 1097885
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: aoettinger@gklaw.com
ccarrino@gklaw.com

Attorneys for Defendant T. V. JOHN & SON, INC.

18192592.1