UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

Case No. 2:17-cv-01407-LA

    Plaintiffs,

v.

T.V. JOHN & SON, INC. and THE KROGER CO.,

    Defendants.

**DECLARATION OF ANDREW S. OETTINGER IN SUPPORT OF DEFENDANT T.V. JOHN & SON, INC.'S SUMMARY JUDGMENT RESPONSE**

Andrew S. Oettinger, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am counsel of record for Defendant/Counterclaimant T.V. John & Son, Inc. ("T.V. John"). The statements in this declaration are based on my personal knowledge and my review of the submissions and discovery in this matter.

2. On January 29, 2018 I served T.V. John's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production of Documents to Plaintiff Roumann Consulting, Inc. A copy of those requests is attached hereto as Exhibit A.

3. On May 24, 2018, Roumann Consulting served its "Supplemental Answer" to T.V. John's First Set of Requests for Admission, Interrogatories, and Requests for the Production of Documents. A copy of that document is attached hereto as Exhibit B.

4. T.V. John's Request for Admission No. 1 stated: "Admit that upon termination of the Independent Contractor Agreement Roumann did not immediately return to T.V. John any and all property, documents, records or materials, including Confidential Company Information, as that term is defined in the Independent Contractor Agreement, previously belonging to T.V.

John or sourced from within T.V. John." Roumann denied Request for Admission No. 1, and also denied Request for Admission No. 2, which asked Roumann to admit that "Roumann has not returned to T.V. John all property, documents, records or materials, including Confidential Company Information, as that term is defined in the Independent Contractor Agreement."

5. T.V. John requested that Roumann produce, among other things, "all documents and communication sent to or from Roumann's email address that pertained to T.V. John's projects with Kroger, Menards, LA. Fitness and The Fresh Market." In response, Roumann agreed to produce "[r]esponsive documents that relate to T.V. John projects" but objected and refused to produce "Confidential Information" as defined by the Agreement.

6. On May 25, 2018, Roumann produced documents responsive to T.V. John's January 29, 2018 Request for the Production of Documents. Included in the documents Roumann Consulting had in its possession, custody or control and produced in this action are:

      a. T.V. John and Son, Inc.'s confidential bidding and financial information, including bid qualification information sent to Kroger, billing history, bonding and insurance references and internal financial reports (R0000066-0000100);

      b. Project plans and specifications (R0070914-15);

      c. T.V. John's internal contractor lists provided to Roumann Consulting (R0000447-49, R0009081-87).

(Copies of these documents are attached hereto, collectively, as Exhibit C.)

7. Roumann's document production consisted of emails and email attachments. There were no additional file types, and no hard copies were provided.

8. By email dated October 5, 2017, prior to filing this lawsuit, Plaintiffs' counsel demanded access to the internal financial information of third-party Symbiont, including its balance sheet, consolidated financial statements and consolidating schedules. A copy of that email is attached hereto as Exhibit D.

9. After my firm was retained in connection with this dispute, I sent a letter via email dated October 11, 2017 to Plaintiffs' counsel. In that letter, I conveyed on behalf of T.V. John its concern about Plaintiffs' demands for financial information, the preliminary results and conclusions of T.V. John's review of Roumann Consulting's conduct, that T.V. John reserved all of its rights under the Independent Contractor Agreement, and that T.V. John shared counsel's "stated objective to create an atmosphere where the parties can close out their allegations with minimal dispute." A copy of that letter is attached hereto as Exhibit E.

10. On that same day, October 11, 2017, I received a phone call from Plaintiffs' counsel, Attorneys Halloin and Irvine. During that call, counsel explained they were short on time and we agreed to speak that Friday, October 13, 2017 to discuss my letter and the case. On that Friday counsel sent me an email stating that they call needed to be delayed due to a "mediation gone wild," and asked to reschedule the call to Monday, to which I agreed. Counsel then asked that the call be adjourned to the afternoon. A copy of the email chain regarding those calls is attached hereto as Exhibit F. During my written and oral communications with counsel I did not extend any settlement offer on behalf of T.V. John and Son, Inc. (for lump sum or otherwise), rather I attempted to discuss the resolution of counsel's requests for information exceeding what the contract required.

11. Attached hereto as Exhibit G are copies of pages from the deposition examination of Mr. Ronald Rousse.

12. Attached hereto as <u>Exhibit H</u> are copies of pages from the deposition examination of Mr. Timothy Nelson.

13. Attached hereto as <u>Exhibit I</u> are copies of pages from the deposition examination of Mr. Edward Manning.

14. Attached hereto as <u>Exhibit J</u> are copies of pages from the deposition examination of Mr. David Schlidt.

15. Attached hereto as <u>Exhibit K</u> are copies of pages from the deposition examination of Ms. Sonya Simon.

16. Attached hereto as <u>Exhibit L</u> are copies of pages from the deposition examination of T.V. John's corporate representative.

17. Attached hereto as <u>Exhibit M</u> are copies of pages from the deposition examination of Ms. Jennifer Nissen.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 18th day of March, 2019.

*s/ Andrew S. Oettinger*
Andrew S. Oettinger

20309443.1