UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC., and
RONALD ROUSSE,

      Plaintiffs,

  v.                                      Case No. 17-CV-1407

T.V. JOHN & SON, INC., and
THE KROGER CO.,

      Defendants.

## PLAINTIFF ROUMANN CONSULTING INC.'S
## NOTICE OF MOTION AND MOTION TO WITHDRAW FUNDS HELD BY COURT

PLEASE TAKE NOTICE that Plaintiff Roumann Consulting, Inc. ("Roumann Consulting"), by and through its attorneys Halloin Law Group, S.C., pursuant to Federal Rules of Civil Procedure 7 and 67(b) and Civil Local Rules 7(a) and 67(d), hereby moves this Court for an order to withdraw funds deposited by Defendant T.V. John & Son, Inc. ("T.V. John") with the Clerk of Court in this action and issue a check made payable to Roumann Consulting. The grounds for this motion are set forth herein:

Roumann Consulting has sued T.V. John for past-due commissions, among other damage items. (*See* DN 12.) On February 7, 2018, T.V. John filed counterclaims against Roumann Consulting, seeking to avoid its obligation to pay commissions. (DN 17.) In T.V. John's counterclaims, it alleged that it did not owe

Roumann Consulting any further commissions because Roumann Consulting had breached the Independent Contractor Agreement. (*See, e.g.,* DN 17, ¶ 39.)

On June 25, 2018, T.V. John moved the Court to order the deposit of $550,000 with the Court Registry Investment Fund to cover what it believed to be the amount owed if T.V. John lost on its February 7, 2018 counterclaims. (DN 35; DN 36.) In that motion, T.V. John acknowledged that its counterclaims were the reason it was withholding payment to Roumann Consulting. (DN 35, ¶¶ 4–5.) The next day, the Court granted T.V. John's motion and ordered the deposit be made. (DN 37.) The deposit was made on July 6, 2018.

On August 1, 2019, the Court granted Roumann Consulting's motion for summary judgment and dismissed T.V. John's counterclaims. (DN 86.) The result of the decision is that this case is now a damages case, and there is no scenario where Roumann Consulting is not entitled to at least some of the past-due commissions held by the Clerk of Court.

T.V. John has disclosed one expert in this lawsuit, accountant Michael Kuhn. (*See* DN 93-11.[1]) In his report, Mr. Kuhn states that he calculated Net Profit Realized (which is the measure of commissions due) based upon T.V. John's performance data after termination, using the raw data from T.V. John's accounting system as of April 30, 2019. (DN 93-11, p.9.) Using this data, Mr. Kuhn concluded that $401,875 is due to Roumann Consulting through April 30, 2019. (DN 93-11, p.9 ("If anything is owed to Roumann, the estimated amount of commissions owed . . . is

---

[1] The Plaintiffs recently filed T.V. John's expert disclosure and report with the Court at Document Number 93-11.

$401,875.").) Notably this report was prepared before the counterclaims (i.e., the only basis to withhold commission payments) were dismissed. While Roumann Consulting disputes Mr. Kuhn's conclusion and believes the number to be higher, it does establish a floor on liability to which there is no dispute.

At his deposition, Mr. Kuhn confirmed that this calculation is accurate, truthful, and opined to a reasonable degree of probability given the standards of his profession. (DN 93-2, Halloin Aff. Ex. B, 9/12/2019 Kuhn Dep. 84:21–14.) He added that, given the dismissal of the counterclaims, he is not aware of any circumstances where the funds would not be owed. (*Id.*) As such, T.V. John has no basis to dispute that Roumann Consulting is owed $401,875 of the $550,000 previously deposited with the Clerk of Courts, and those funds are presently due and owing to Roumann Consulting. *See Great Bay Condo. Owners Ass'n, Inc. v. Gov't of Virgin Islands*, No. 2017-33, 2018 WL 813149, *2 (D.V.I. Feb. 9, 2018) ("The purpose of Rule 67 is to provide a place of safekeeping for disputed funds pending the resolution of a legal dispute.").

## CONCLUSION

For these reasons, Roumann Consulting requests that the Court order the release of $401,875, plus interest accrued on that amount between July 7, 2018 and the date of release, from the funds being held on deposit by the Clerk of Court.

Dated October 30, 2019.

        HALLOIN LAW GROUP, S.C.
        Attorneys for Plaintiffs Roumann
        Consulting, Inc. and Ronald Rousse


        s/ Scott R. Halloin
        Scott R. Halloin
        State Bar No. 1024669
        James J. Irvine
        State Bar No. 1088726

HALLOIN LAW GROUP, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinlawgroup.com
jirvine@halloinlawgroup.com