UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

        Plaintiffs,

v.

T.V. JOHN & SON, INC. and THE KROGER CO.,

        Defendants.

Case No. 2:17-cv-01407-LA

**DEFENDANT T.V. JOHN & SON, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF ROUMANN CONSULTING, INC.'S MOTION TO WITHDRAW FUNDS**

**Introduction**

Roumann is not entitled to payment of the funds held by the Court because the Court has not determined that Roumann is entitled to the funds, nor is the amount Roumann would be entitled to under the Independent Contractor Agreement yet determined, or determinable. Until the Court determines Roumann is entitled to the funds, and the amount of those funds, the objectives of Rule 67 are advanced by keeping the funds on deposit. The fact that T.V. John elected to voluntarily deposit funds into the Court does not allow Roumann to bypass the essential procedural requirement that Roumann obtain judgment in its favor entitling it to recovery of the disputed amounts.

The Independent Contractor Agreement between Roumann and T.V. John governs the payment of any and all commissions that may be payable to Roumann after the termination of that Agreement—Roumann is entitled to 30% of the net profit realized on certain projects accepted by T.V. John during the two years following the termination of the Agreement. T.V. John is still performing projects subject to the Agreement, and so the final amount of net profit

realized has not yet been determined. Further, T.V. John has a contractual right to maintain a reserve, and is only obligated to pay Roumann *after* receiving final payment from the end-client, and *after* receiving final invoices from vendors and subcontractors. The amount owed is also subject to reduction if warranty work is incurred on a project following completion.[1] Indeed, the contract contemplates the situation where the calculations would result in Roumann needing to repay commissions if prior estimates and warranty work result in prior overpayments. Due to the multiple independent factors involved in the calculation of net profit realized, and the condition precedent that T.V. John itself receive payment from the client, it is simply too early to determine the amount owed.

This uncertainty as to amount owed to Roumann, if anything is owed, demonstrates that withdrawing the funds at this time would undermine the purpose of Rule 67, which is to keep the funds until entitlement to the funds has been adjudicated, and could unnecessarily burden the Court to the extent T.V. John owes no commissions or a lesser amount of commissions. Until the Court determines the amount owed to Roumann, the ownership of the funds is still in dispute and must be kept in trust. As such, the Court should deny Roumann's Motion to Withdraw Funds.

**Facts**

Roumann Consulting, Inc. ("Roumann") filed this case against T.V. John & Son, Inc. ("T.V. John") for breach of contract and breach of the duty of good faith and fair dealing, and seeks past-due commissions as a form of damages. (ECF No. 12.) T.V. John filed an Answer denying liability and additionally filed Counterclaims against Roumann, which the Court later dismissed. (ECF Nos. 16, 17 and 86.) Early in the case, T.V. John filed an unopposed motion for leave to deposit funds with the Court. (ECF No. 35.) The basis for T.V. John's motion was that

---

[1] Projects for Menards have a two-year warranty period, and projects for Kroger have a one-year warranty period.

the parties disputed whether commissions would be owed, and if commissions were owed, the amount of those commissions. (ECF No. 35, ¶ 13.) Not only had T.V. John filed counterclaims that could obviate the need to pay commissions, but Roumann is seeking these commissions as a form of damages for breach of contract and breach of the implied covenant of good faith and fair dealing, and T.V. John is contesting those claims. (ECF No. 35, ¶ 5.) As such, and as a sign of good faith and ability to pay, T.V. John moved to deposit $550,000.00 with the Court, which was a sum requested by Roumann's counsel, and which even at that time, T.V. John believed exceeded the amount of commissions that may be owed. (ECF No. 35, ¶¶ 12-13.) The Court granted that motion, requiring the funds to be deposited in the CRIS. (ECF No. 37.)

As this litigation has progressed, the estimate of commissions owed to Roumann has fluctuated as the at-issue projects' estimated profitability has changed as the projects are performed and as warranty work has accumulated on some of the projects. At the time T.V. John filed the motion to deposit funds, the estimated amount of commissions that would be due at the conclusion of all work totaled $365,738.03 (ECF No. 35, ¶ 9); as of October 2018, they totaled $441,085 (ECF No. 93-14, Page 3 of 6; ECF No. 93-15, Page 3 of 3); as of April 30, 2019 they totaled $401,875 (ECF No. 93-11, Page 9 of 24); and now as of November 10, 2019 they total $178,425 (Schlidt Decl. ¶ 2). These calculations include both the commissions on completed projects, which could decrease due to warranty work, and the *estimated* commissions due on projects still in progress, which could additionally decrease due to increased costs or future warranty work. Thus, each of these calculations was T.V. John's best then-current estimate of commissions owed based on the consistent accounting principles applied since the beginning of the Independent Contractor Agreement. However, the total amount of commissions owed cannot be determined until all applicable projects, including warranty work on those projects, are

complete. Nonetheless, Roumann has now requested that the Court prematurely order that $401,875 be withdrawn from the CRIS and paid to Roumann, based on the April 30, 2019 estimate of what would be due at the conclusion of all projects.

## Argument

A party claiming a right to distribution has the burden of demonstrating a right to withdraw money deposited in court. *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965). Distribution of funds following a Rule 67 deposit is appropriate only when the ownership of funds is no longer in dispute. *Hunter v. Town of Mocksville N. Carolina*, 271 F. Supp. 3d 787, 794 (M.D.N.C. 2017), *see also Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F. Supp. 214, 221 (S.D.N.Y. 1984) ("no dispute exists here since [the defendant] does not contest its liability to [the plaintiff] in regard to the sum it deposited with the court"). This is because the purpose of Rule 67 is for the Clerk of Court to operate a trust to guard the funds and then "'deliver the funds to the party rightfully entitled thereto and after hearing and adjudication.'" *Hunter*, 271 F. Supp. 3d at 793 (quoting *Carnell Const. Corp. v. Danville Redev. & Hous. Auth.*, No. 4:10-CV-00007, 2015 WL 3604572, at *3 (W.D. Va. June 8, 2015) and *In re Casco Chem. Co.*, 335 F.2d 645, 649 (5th Cir. 1964)). Further, Rule 67 expressly requires that money held by the Court under this rule must be withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042, which require the funds to be delivered to their rightful owner only upon Court order.

The decision to disperse the funds lies with the discretion of the Court. *Klayman v. Judicial Watch, Inc.*, 650 Fed. Appx. 741, 743-44 (11th Cir. 2016). In exercising this discretion, the Court should consider whether allowing the distribution would "create needless additional work for the parties and the Court" if entitlement to the funds or the amount of that entitlement is

still in dispute. *Collins v. Daniels*, No. CV 17-776 MV/KK, 2019 WL 4815909, at *4 (D.N.M. Oct. 1, 2019).

Here, while Roumann attempts to argue there is no dispute as to its entitlement to the commissions at issue and the "floor" on the amounts of commissions owed (ECF No. 100, Pages 2-3 of 4), it has not met its burden in demonstrating its entitlement to the funds. That issue is indeed disputed, and who is entitled to the deposited funds and in what amount has not yet been determined.

In support of its motion, Roumann first argues that because T.V. John's counterclaims served the basis for its position that commissions were not owing, and those counterclaims have been dismissed, T.V. John must pay commissions. (ECF No. 100, Pages 2-3 of 4.) However, Roumann ignores that while the Court has dismissed T.V. John's counterclaims, it has not adjudicated Roumann's own claims to entitlement to the funds, claims which T.V. John disputes. Nor has T.V. John conceded that the commissions are owed. T.V. John's motion to deposit the funds states plainly, "T.V. John acknowledges that if Roumann succeeds on its breach of contract claim and T.V. John does not prevail on its counterclaims, the Commissions will be payable to Roumann." (ECF No. 35, ¶ 5.) As much as Roumann would like to turn this into a disjunctive requirement, the fact of the matter is that the entirety of the suit must be adjudicated to determine whether Roumann is entitled to the commissions and correspondingly is entitled to disbursement of funds from the Court. This result does not change because T.V. John's expert

stated he was unaware of any circumstances other than the counterclaims where commissions would not be owed, as Mr. Kuhn is not a fact witness or a legal expert.[2]

Even if Roumann's entitlement to the commissions were not in dispute, the amount of that entitlement is unknown, and T.V. John expressly disputes that the amount estimated to be owed as of April 30, 2019 constitutes the "floor on liability." (ECF No. 100, Page 3 of 4.) Roumann's support for this proposition is Mr. Kuhn's calculations of commissions owed if any as of April 30, 2019. However, Roumann's selective citation to Mr. Kuhn's report and deposition testimony reveals that Roumann is trying to create an undisputed amount of liability where none exists.

First, Roumann's purported quotation to the Kuhn report omits key language that demonstrates Mr. Kuhn's calculations are based off the data as of April 30, 2019. *Compare* ECF No. 100, Page 3-4 of 4 ("If anything is owed to Roumann, the estimated amount of commissions owed . . . is $401,875) with ECF No. 93-11, Page 9 of 24 ("Accordingly, if anything is owed, the estimated amount of commissions owed to Roumann under the Agreement **based on the net profit realized on projects as of April 30, 2019** is $401,875.") (Emphasis added). Moreover, Roumann ignores additional portions of Mr. Kuhn's report that highlight the fact that "[t]he amount of commissions due on projects in process are subject to revision for change orders and if actual net profits on projects in process are different than estimated and/or if any additional projects to the specified customers are accepted by TV John through September 20, 2019." Further, that Mr. Kuhn confirmed his calculation is accurate, truthful and supported by the

---

[2] In support of the current motion, Roumann cites an excerpted portion of Mr. Kuhn's deposition that was purportedly attached to Mr. Halloin's Affidavit at ECF No. 93-2, Exhibit B. (*See* ECF No. 100, Page 3 of 4.) However, the only excerpted portions of Mr. Kuhn's deposition testimony are found at ECF No. 93-16, Exhibit 16. Further, the testimony cited in support of this motion, 84:21-14 (which presumably means 84:21-85:14) does not appear in the excerpted portion of ECF No. 93-16.

standards of his profession does not negate the fact that the calculation was subject to change based on the changing circumstances surrounding the projects involved, as discussed in his report.

Indeed, the estimates and totals have changed. As of November 10, 2019, the amount of commissions that Roumann would eventually be entitled to after completion of the projects is estimated to be $206,123. (Schlidt Decl. ¶ 2.) Further, the calculation will continue to evolve as there are five projects that are still in-process, additional warranty work may commence, and T.V. John is still awaiting payments from its clients. (Schlidt Decl. ¶ 3.) Therefore, far from $401,875 being an undisputed floor for liability, this sum is neither based on current estimates nor a final calculable amount. And most importantly, even if the amount were final and undisputed, Roumann is not yet entitled to it.

Roumann's motion is also premature because neither entitlement to commissions nor the amount of entitlement has been adjudicated or is otherwise undisputed. To release the funds now could require additional unnecessary work by the parties and the Court in the event the Court later determines T.V. John has not breached the Independent Contractor Agreement, Roumann is not entitled to commissions as damages, or Roumann is entitled to a lesser amount of commissions as damages. If that occurs, the funds would not have been disbursed to their rightful owner, and the Court would have to require the return of the funds, which is all the more complicated by the fact that Roumann is based in another country. (ECF No. 17 ¶ 6; ECF No. 20 ¶ 6.)

Further, the funds remain in the CRIS in an interest-bearing account, so Roumann is not prejudiced by the funds continuing to remain with the Court until the matter is finally adjudicated. Fed. R. Civ. P. 67(b) ("The money must be deposited in an interest-bearing account

7
Case 2:17-cv-01407-LA   Filed 11/20/19   Page 7 of 9   Document 101

. . .); Civ. L. R. 67 ("[T]he Court may direct the Clerk of Court to place the monies in an interest-bearing account in the Court Registry Investment System ("CRIS").")

Roumann is also fully secure should it obtain judgment in the future. The security provided by the deposit exceeds that which a typical litigant enjoys when it obtains a judgment and the other party obtains a *supersedeas* bond pending appeal.[3]

As such, there is no basis for Roumann's motion to withdraw funds as the controversy surrounding the funds has not been fully adjudicated, the amount of commissions owed if any is not yet able to be determined, dispersing the funds now could unnecessarily burden the Court and the parties, and Roumann is not prejudiced from the funds remaining in the CRIS. Therefore, Roumann's motion to withdraw funds should be denied.

## Conclusion

For all the reasons set forth above, T.V. John respectfully requests the Court deny Roumann's Motion to Withdraw Funds Held by Court.

---

[3] The inverse is not true. If Roumann were to receive amounts that this Court or a reviewing Court later determine Roumann is not entitled to, T.V. John would not be secure in its ability to recover those amounts back from Roumann. Keeping the funds deposited with the Clerk of Court also protects T.V. John.

Dated this 20th day of November, 2019.

                                    By: *s/ Andrew S. Oettinger*
                                        Andrew S. Oettinger
                                        State Bar No. 1053057
                                        Christie B. Carrino
                                        State Bar No. 1097885
                                        Godfrey & Kahn, S.C.
                                        833 East Michigan Street, Suite 1800
                                        Milwaukee, WI 53202-5615
                                        Phone:  414-273-3500
                                        Fax:  414-273-5198
                                        Email:  aoettinger@gklaw.com
                                        ccarrino@gklaw.com

                                    Attorneys for Defendant T.V. JOHN & SON, INC.

21497481.2