# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROUMANN CONSULTING INC.** and
**RONALD ROUSSE,**
           **Plaintiffs,**

    v.                                              Case No. 17-C-1407

**T.V. JOHN & SON, INC.,**
           **Defendant.**

---

## DECISION AND ORDER

In this suit for breach of contract, plaintiff Roumann Consulting Inc. alleges that defendant T.V. John & Son, Inc. ("TVJ"), owes it commission payments relating to certain construction projects. In June 2018, TVJ filed an unopposed motion to deposit $550,000 with the court pursuant to Federal Rule of Civil Procedure 67. This amount represented the parties' estimate of the maximum amount of commission payments that could be due to Roumann if it prevailed on its claim for recovery of unpaid commissions. The court granted the motion, and the funds are currently on deposit with the court.

Recently, Roumann filed a motion to withdraw $401,875 of these funds. Roumann contends that TVJ "has no basis to dispute" that Roumann is owed at least this amount of money. ECF No. 100 at 3. However, TVJ disagrees. Moreover, although the court has resolved certain issues relating to TVJ's liability for the commissions, it has not determined the amount of damages that Roumann may recover. In its motion to withdraw funds, Roumann argues that the undisputed evidence shows that it is entitled to recover at least $401,875. But Roumann has not filed a motion for summary judgment on this question, and therefore the court is not in a position to determine

whether a reasonable factfinder could conclude that Roumann is entitled to a lesser amount.

According to the authority cited in Roumann's motion, "[t]he purpose of Rule 67 is to provide a place of safekeeping for disputed funds pending the resolution of a legal dispute." ECF No. 100 at 3 (citing *Great Bay Condo. Owners Ass'n, Inc. v. Gov't of Virgin Islands*, No. 2017-33, 2018 WL 813149, at *2 (D.V.I. Feb. 9, 2018)). As explained above, the legal dispute pertaining to the funds on deposit with the court has not been resolved. Therefore, the funds may not be withdrawn.

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to withdraw funds (ECF No. 100) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2020.

                                        s/Lynn Adelman_____
                                        LYNN ADELMAN
                                        District Judge